JS-6

J. Andrew Coombs (SBN 123881)
*andy@coombspc.com*
Annie S. Wang (SBN 243027)
*annie@coombspc.com*
J. Andrew Coombs, A Prof. Corp.
517 East Wilson Ave., Suite 202
Glendale, California 91206
Telephone:  (818) 500-3200
Facsimile:   (818) 500-3201

Attorneys for Plaintiff
Hoberman Designs, Inc.

Fang Qi a/k/a Mike Qi
Golden Palm Enterprises, Inc.
*mike@gpwholesales.com*
821 S. Raymond Avenue, Unit 28
Alhambra, California 91803
Telephone:  (626) 607-4751
Facsimile:   (626) 283-5726

Defendants, *in pro se*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Hoberman Designs, Inc., <br><br> Plaintiff, <br> v. <br> Golden Palm Enterprises, Inc., Fang Qi a/k/a Mike Qi, and Does 1 – 10, inclusive, <br><br> Defendants. | Case No. CV14-4469 MMM (VBKx) <br><br> [PROPOSED] CONSENT DECREE PURSUANT TO STIPULATION |

The Court, having read and considered the Joint Stipulation for Entry of Consent Decree that has been executed on behalf of Plaintiff Hoberman Designs, Inc. ("Plaintiff"), on the one hand, and Defendants Golden Palm Enterprises, Inc. and Fang Qi a/k/a Mike Qi (collectively "Defendants"), on the other hand, and good cause appearing therefore, hereby:

ORDERS that this Consent Decree shall be and is hereby entered in the within action as follows:

1) This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to 17 U.S.C. § 101 et seq., 15 U.S.C. § 1051 et seq., 28 U.S.C. §§ 1331 and 1338, and 28 U.S.C. § 1367.  Service of process was properly made against Defendants.

2) Plaintiff is the owner or exclusive licensee of all rights in and to the copyright and trademark registrations listed in Exhibits "A" through "B," attached hereto and incorporated herein by this reference, and the copyrights associated with the same ("Plaintiff's Properties").

3) Plaintiff has expended considerable resources in the creation and commercial exploitation of Plaintiff's Properties on merchandise and in the enforcement of its intellectual property rights in Plaintiff's Properties.

4) Plaintiff has alleged that Defendants have made unauthorized uses of Plaintiff's Properties or substantially similar likenesses or colorable imitations thereof.

5) Defendants and their agents, servants, employees and all persons in active concert and participation with them who receive actual notice of the injunction are hereby restrained and enjoined from:

   a) Infringing Plaintiff's copyrights and trademarks in Plaintiff's Properties, either directly or contributorily, in any manner, including generally, but not limited to manufacturing, importing, distributing, advertising, selling, or offering for sale, any unauthorized product which features any of Plaintiff's Properties ("Unauthorized Products"), and, specifically:

      i) Importing, manufacturing, distributing, advertising, selling, or offering for sale, the Unauthorized Products or any other unauthorized products which picture, reproduce, copy or use the likenesses of or bear a substantial similarity to any of Plaintiff's Properties;

      ii) Importing, manufacturing, distributing, advertising, selling, or offering for sale, in connection thereto any unauthorized promotional

      materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to any of Plaintiff's Properties;

   iii) Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Defendants' customers and/or members of the public to believe, the actions of Defendants, the products sold or offered by Defendants, or Defendants themselves are connected with Plaintiff, are sponsored, approved or licensed by Plaintiff, or are affiliated with Plaintiff; or

   iv) Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, selling, offering for sale, or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Plaintiff.

6) Each side shall bear its own fees and costs of suit.

7) This Consent Decree shall be deemed to have been served upon Defendants at the time of its execution by the Court.

8) The Court finds there is no just reason for delay in entering this Consent Decree and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Consent Decree against Defendants.

9) The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Consent Decree.

10) The above-captioned action, shall, upon filing by Plaintiff of the Settlement Agreement, Stipulation for Entry of Judgment and Judgment Pursuant to Stipulation, and requesting entry of judgment against Defendants, be reopened

should any party default under the terms of the Settlement Agreement or this Consent Decree.

11) This Court shall retain jurisdiction over the Parties for the purpose of making further orders necessary or proper for the construction or modification of this consent decree and judgment; the enforcement hereof; the punishment of any violations hereof; and for the possible entry of a further Judgment Pursuant to Stipulation in this action.

12) Except as provided herein, all claims alleged in the Complaint are dismissed with prejudice.

Dated: August 26, 2014

_____
Hon. Margaret M. Morrow
United States District Judge

Presented By:
J. Andrew Coombs, A Prof. Corp.

By: _____
    J. Andrew Coombs
    Annie S. Wang
Attorneys for Plaintiff Hoberman Designs, Inc.

Golden Palm Enterprises, Inc.

By: _____
    Fang Qi a/k/a Mike Qi
Authorized Representative for Owner
_____
Defendant, *in pro se*

Fan Qi a/k/a Mike Qi

By: _____
    Fang Qi a/k/a Mike Qi
Defendant, *in pro se*

Hoberman v. Golden Palm Enterprises, Inc.: Stipulated Consent Decree

- 4 -

# EXHIBIT A

# HOBERMAN COPYRIGHTED DESIGNS

| Copyright Registration | Title of Work (Character) | Type of Work |
|---|---|---|
| VA 1-424-411 | BRAIN TWIST | Visual Material |
| VA 1-424-410 | SWITCH PITCH | Visual Material |
| VA 1-416-467 | SWITH-PITCH BOY | Visual Material |
| VA 1-056-333 | EXPANDAGON | Visual Material |
| VA 1-089-675 | MEGA SPHERE | Visual Material |
| VA 1-056-334 | TWIDDLESTIX | Visual Material |
| VA 932-828 | MINI SPHERE | Visual Material |
| VA 932-829 | HOBERMAN SPHERE | Visual Material |
| VA 1-024-051 | FLIGHT RING | Visual Material |
| VA 1-128-298 | DISCOVER DOME | Visual Material |
| VAu 534-146 | STAR | Visual Material |
| VAu 534-143 | MICRO SPHERE | Visual Material |
| VA 1-224-963 | TRANSFORMING SPHERE WITH CENTRAL MODULE | Visual Material |
| VA 1-225-001 | FLIP OUT TRANFORMING OCTAHEDRON | Visual Material |
| VA 1-225-000 | MINI FLIP OUT TRANSFORMING ICOSAHEDRON | Visual Material |
| VA 1-225-002 | TWISTO TRANSFORMING SPHERE | Visual Material |

Hoberman v. Golden Palm Enterprises, Inc.: Stipulated Consent Decree

- 5 -

# EXHIBIT B

## HOBERMAN TRADEMARKS

| Trademark | Mark Drawing Code | Trademark Registration No. | Trademark Registration Date |
|---|---|---|---|
| HOBERMAN | Typed Drawing | 2,739,816 | 7/22/2003 |
| HOBERMAN SPHERE | Typed Drawing | 2,969,146 | 7/19/2005 |
| SWITCH PITCH | Standard Character Mark | 3,163,097 | 10/24/2006 |
| TWIST-O | Standard Character Mark | 4,274,449 | 1/15/2013 |
| BRAIN TWIST | Standard Character Mark | 4,197,017 | 8/28/2012 |